IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 4:18CR3065 |
| vs. | |
| ABDIKADIR MIJI, and NAIMA HAJI, | ORDER |
| Defendants. | |

This matter is before the Court on Defendant, Naima Haji's, Motion to Sever. ([Filing No. 32](#)) The court has reviewed the motion, brief in support ([Filing No. 33](#)), and the government's brief in opposition ([Filing No. 35](#)). Upon consideration of the filings and the potential redaction proposed by the government, the motion to sever will be denied.

## BACKGROUND

Naima Haji was indicted with her husband and codefendant, Abdikadir Miji, for theft of government property in violation of Title 18, United States Code, Sections 641 and 2.

The background and facts alleged in the Indictment are set forth in [Filing No. 1](#). Count II of the Indictment alleges:

> From on or about the 1st day of June, 2015, to on or about the 1st day of April, 2016, in the District of Nebraska, the defendants ABDIKADIR MIJI and NAIMA HAJI, did knowingly steal, purloin and convert to their own use money and property of the United States and of any department or agency thereof, having a value in excess of $40,000, in that ABDIKADIR MIJI and NAIMA HAJI intentionally submitted and caused to be submitted false claims to the State of Nebraska Department of Health and Human Services that intentionally reported false information for children attending the

Comfort Home Day Care and M&N Day Care Center in order to receive payments from the United States and the United States Department of Health and Human Services through the Child Care and Development Block Grant Program.

Filing No. 1.

Haji's brief explains that during an interview on June 8, 2016, Miji stated that only he or his wife, Haji, submit billings for Miji Child Care Center, Comfort Home Care Center and/or M&N Home Care, with Miji submitting 95% of the billings and Haji submitted the remaining 5%. Haji has moved to sever her trial, arguing Miji's statements at trial would violate Haji's rights under the Confrontation Clause under the Sixth Amendment of the Constitution. The government argues that the motion should be denied because any statement Miji made can be remedied by appropriate redaction that will not implicate Haji in any criminal conduct.

## ANALYSIS

Under Fed. R. Crim. P. 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Id.

Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In Zafiro, the United States Supreme Court stated, "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint

trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. To warrant severance, a defendant "must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (citing United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993.))

Haji does not challenge joinder under Fed. R. Crim. P. 8(b), but instead argues that a joint trial would be prejudicial under Fed. R. Crim. P. 14(a), specifically due to the inability to confront or cross-examine Miji, as a non-testifying codefendant, against whom a statement is offered which also implicates Haji. In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that the admission of a non-testifying codefendant's confession that expressly implicated Bruton violated Bruton's "right of cross-examination secured by the Confrontation Clause of the Sixth Amendment," even when the district court gave the jury limiting instructions to consider the confession against only the confessing codefendant.

However, where a codefendant's statement does not incriminate the defendant on its face, but becomes incriminating "only when linked with evidence introduced later at trial," then a limiting instruction is sufficient to avoid a violation of the Confrontation Clause. United States v. Gayekpar, 678 F. 3d 629, 637 (8th Cir. 2012). Thus, "[w]here a defendant's redacted confession does not refer directly to the codefendant himself, and becomes incriminating only in combination with other evidence, the Constitution permits the normal presumption that a jury will follow an instruction to disregard the confession when considering a verdict for the codefendant." Gayekpar, 678 F.3d at 637.

In the years since Bruton, courts have considered the propriety of certain redaction methods when used in joint trials. In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the court held that a limiting instruction was sufficient where the confession was redacted to omit any reference to the non-confessing defendant's existence. In a footnote, the Supreme Court expressed "no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." Id. This footnote was referenced in Gray v. Maryland, 523 U.S. 185 (1998), which held that inserting the word "deleted" in the place of the non-confessing defendant's name was improper. Id. at 196-197. The Eighth Circuit and other circuits have upheld defendants' statements "so long as the redacted confession or admission does not facially incriminate or lead the jury directly to the nontestifying declarant's codefendant." United States v. Edwards, 159 F.3d 1117, 1125 (8th Cir. 1998). The Eighth Circuit reasoned that the word 'deleted' directs the jury's attention to an obvious redaction, whereas the words 'we,' 'they,' or 'someone,' do not "draw attention to the redaction and thus, in most situations, will not be incriminating unless linked to a codefendant by other trial evidence." See Id. at 1126.

The government argues that redaction can be used to avoid any violation of Haji's rights in this case. The government argues:

> The agent could testify that Miji said that he submitted 95% of the billings for the day cares, including the day care owned by Haji. That statement does not implicate Haji in the billings or directly show that she was the person who submitted the other 5% of the billings. The jury would have no basis to implicate Haji from Miji's redacted statement. His statement of Haji's ownership of two of the day cares will be presented from independent sources and will not directly implicate her more than the other sources presented at trial. Therefore, by redacting Miji's statement about Haji's billings to the State of Nebraska, the jury will not be able to implicate Haji from the statement. With proper redaction, the motion to sever is unnecessary.

Filing No. 35 at CM/ECF p. 6.

The court concludes that the governments proposed redacted statements fit within the standards adopted by the United State Supreme Court and the Eighth Circuit Court of Appeals. Haji has not met the high standard required for severance. She has not demonstrated that the redaction or limiting instructions would be insufficient to avoid prejudice against her.

Accordingly,

IT IS ORDERED that provided the government redacts Miji's interview statements as proposed in its brief, Haji's Motion to Sever (Filing No. 32) is denied.

Dated this 30th day of January, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge